```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
SUSANA LOZADA,

                Plaintiff,
                                              MEMORANDUM AND ORDER
        -against-
                                              15-cv-2812 (KAM)(JO)
PROGRESSIVE LEASING d/b/a PROG
LEASING LLC

                Defendant.
-----------------------------------x
```
**MATSUMOTO, United States District Judge**:

      Plaintiff Susana Lozada brings this action against defendant Progressive Leasing d/b/a Prog Leasing LLC ("Prog Leasing") alleging that Prog Leasing violated the Telephone Consumer Protection Act ("TCPA"), 42 U.S.C. § 227, by using an automated dialing system to repeatedly call plaintiff on her cellular phone without her consent. (ECF No. 1, Complaint ("Compl.") dated 5/15/2015.) Prog Leasing moves to compel arbitration and stay proceedings in this court, arguing that plaintiff's TCPA claim relates to a lease agreement between the parties and is subject to mandatory arbitration pursuant to an arbitration clause in the lease. For the reasons set forth below, defendant's motion is granted and this action is stayed pending arbitration.

## Background

On April 13, 2014, plaintiff entered into a lease agreement (the "Lease") with defendant for bedroom furniture (the "Property"). (*See* ECF No. 9-2, Lease at 6.)[1] Plaintiff electronically signed the Lease. (*Id*.) The first page of the Lease includes a bolded notice of arbitration that states:

> THIS LEASE CONTAINS AN ARBITRATION PROVISION (SEE ¶ 13 OF THE ADDITIONAL LEASE TERMS). UNLESS YOU PROMPTLY REJECT THE ARBITRATION PROVISION (SEE ¶ 13(a) OF THE ADDITIONAL LEASE TERMS), THE ARBITRATION PROVISION WILL HAVE A SUBSTANTIAL EFFECT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE, INCLUDING YOUR RIGHT TO BRING OR PARTICIPATE IN A CLASS PROCEEDING.

(*Id*.). The arbitration provision ("Arbitration Provision") in Section 13 of the Lease provides that either party may elect to arbitrate any "Claim." (*Id*. at 9.) The Lease defines a "Claim" to include:

> [A]ny claim, dispute or controversy between you and us . . . that arises from or relates in any way to this Lease or the Property . . . . "Claim" is to be given the broadest possible meaning and includes claims of every kind and nature, including but not limited to . . . claims based on constitution, statute, regulation, ordinance, common law rule and equity.

(*Id*.) at 5. There is no evidence in the record that plaintiff rejected the arbitration provision.

---

[1] Citations to exhibits refer to the page numbering of the Electronic Court Filing ("ECF") system, not the document's internal page numbers.

On May 15, 2015, plaintiff filed a one-count complaint alleging that defendant violated the TCPA.  Plaintiff asserts that from approximately December 2014 through April 2015, defendant used an automatic dialing system to call plaintiff on her cellular phone on a "repetitive and continuous" basis regarding her account without plaintiff's consent.  (Compl. ¶ 13, 15-17, 23.)  Defendant responded by filing the pending motion, arguing that plaintiff's TCPA claim is subject to mandatory arbitration pursuant to the Lease.  In opposing the motion, plaintiff asserts that her TCPA is not subject to arbitration because it falls outside the scope of the Arbitration Provision contained in the Lease.

**Legal Standard**

The Federal Arbitration Act ("FAA") creates a "body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."  *Moses H. Cone Mem'l Hosp. v. Mercury Corp.*, 460 U.S. 1, 24 (1983).  Under the FAA, an arbitration provision in a contract involving a commercial transaction "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2; *see also In re Am. Exp. Fin. Advisors Sec. Litig.*, 672 F.3d 113, 127 (2d Cir. 2011).

The FAA reflects an "emphatic federal policy in favor of arbitral dispute resolution." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985). Therefore, "courts must 'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Restaurant*, --- U.S. ---, 133 S.Ct. 2304, 2309 (2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985)). Although federal policy favors arbitration, "a party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986). "[W]here the undisputed facts in the record require the matter of arbitrability to be decided against one side or the other as a matter of law, [the court] may rule on the basis of that legal issue and avoid the need for further proceedings." *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 172 (2d Cir. 2011) (internal quotations omitted.)

Consistent with these principles, a court must resolve four inquiries to determine whether an action should be sent to arbitration:

> [F]irst, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in

> the case are arbitrable, it must then decide whether to
> stay the balance of the proceedings pending arbitration.

*JLM Indus. v. Stolt-Nielsen SA*, 387 F.3d 163, 172 (2d Cir. 2004) (citing *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998)). The court need only address the first three inquiries because the Complaint alleges a single claim.

## Discussion

**A.   Agreement to Arbitrate**

Plaintiff does not dispute that she electronically signed the Lease and that the Lease includes an arbitration provision. Although the Lease provided plaintiff with a 30-day window to reject the Arbitration Provision (*see* Lease at 9-10), plaintiff does not contend that she rejected the Arbitration Provision or otherwise challenge the validity of the Lease. Accordingly, the court finds that the parties agreed to arbitration.

**B.   Scope of Arbitration Provision**

To determine whether plaintiff's TCPA claim falls within the scope of the Arbitration Provision, the court must "classify the particular clause as either broad or narrow." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 224 (2d Cir. 2001). If an arbitration clause is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the

5

claim alleged implicates issues of contract construction or the parties rights and obligations under it." *Id*. (internal quotations omitted.)

Here, the Arbitration Provision is clearly broad in scope, as it applies to "any claim, dispute or controversy . . . that arises from or relates in any way to this Lease." (Lease at 10.) The term "claim" is to be afforded "the broadest possible meaning and includes claims of every kind and nature." (*Id.*)

The Arbitration Provision's reference to "any dispute" "is the paradigm of a broad clause," *Collins v. Aikman Prods. Co. v. Bldg. Sys., Inc.*, 58 F.3d 16, 20 (2d Cir. 2005), and the Second Circuit consistently has held that arbitration provisions applicable to "any claim" or "any dispute" should be considered "broad." *See*, *e.g.*, *JLM Indus.*, 387 F.3d at 172 (finding an arbitration clause encompassing "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter" broad in scope); *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 649 (2d Cir. 2004) ("any controversy, claim or dispute between the Parties arising out of or relating in any way to this Agreement"); *ACE Capital Re Overseas Ltd. v. Cent. United Life Ins. Co.*, 307 F.3d 24, 26 (2d Cir. 2002) ("any dispute [that] shall arise between the parties hereto with reference to the interpretation of this Agreement or

their rights"); *Louis Dreyfus*, 252 F.3d at 225 ("[a]ny dispute arising from the making, performance or termination of this Charter Party"); *Oldroyd* 134 F.3d at 76 ("[a]ny dispute, controversy or claim arising under or in connection with [the agreement]"); *Collins*, 58 F.3d at 20 ("[a]ny claim or controversy arising out of or relating to th[e] agreement").

The Lease's broad arbitration clause creates a presumption of arbitrability that can be overcome only if "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 74 (2d Cir. 1997) (citations omitted). Thus, it is plaintiff's burden to show that her TCPA claim is outside the scope of the Arbitration Provision.

Plaintiff argues that her claim is not subject to arbitration because the Arbitration Provision only applies to disputes that "pertain to the contract" and her TCPA claim "is not governed by the lease contract." (*See* ECF No. 10, Plaintiff's Opposition to Defendants' Motion to Compel Arbitration, at 5, 7.) The court disagrees. The Arbitration Provision permits either party to arbitrate any "claim," and defines "claim" to include "any claim, dispute, or controversy . . . that arises from or relates in any way to this Lease or the Property" and includes, *inter alia*, "claims based on statute."

(Lease at 10.) Plaintiff alleges that defendant's automated phone calls to the defendant were made regarding plaintiff's "account with [the] Defendant." (Compl. at ¶ 17.) The only "account" either party addresses is the Lease between plaintiff and defendant, and plaintiff does not dispute that defendant's allegedly violative calls related to the Lease. It follows that defendant's alleged phone calls "relate to" the Lease because plaintiff's alleged damages would not have been suffered had plaintiff never entered into the Lease. *See JLM Indus.*, 387 F.3d at 175; *Velez v. Credit One Bank*, 15-cv-4752, 2016 WL 324963, at *6 (E.D.N.Y. Jan. 25, 2016). Consequently, plaintiff's TCPA claim is within the scope of the Arbitration Provision. This conclusion accords with numerous courts in the Second Circuit that have found broad arbitration provisions to encompass TCPA claims. *See, e.g., Velez*, 2016 WL 324963, at *6 ("the instant [TCPA] dispute arises out of the contract and is within the scope of the arbitration agreement") (internal quotations omitted); *Carr v. Citibank, N.A.*, No. 15-cv-6993, 2015 WL 9598797, at *3 (S.D.N.Y. Dec. 23, 2015) ("TCPA claims are arbitrable pursuant to arbitration provisions contained in a variety of agreements"); *Lippus v. Progressive Leasing*, No. 15-cv-4470, slip op. at 4 (E.D.N.Y. Dec. 22, 2015) ("the Court finds that [defendant's] calls relating to Plaintiff's account also relate to the Lease and the Property"); *Carr v. Credit One*

8

*Bank*, 15-cv-6663, 2015 WL 9077314, at *3 (S.D.N.Y. Dec. 16, 2015) ("the Court cannot say with positive assurance that plaintiff's TCPA claims arising out of defendant's phone calls to plaintiff concerning her credit card account are beyond the scope of the arbitration clause"); *Salerno v. Credit One Bank, N.A.*, No. 15-cv-516, 2015 WL 6554977, at *4 (W.D.N.Y. Oct. 28, 2015) (same).

**C. Arbitrability of TCPA Claims**

The final inquiry relevant to defendant's motion is whether Congress intended to preclude arbitration of TCPA claims. Generally, federal statutory claims are arbitrable unless Congress clearly communicates otherwise. *See CompuCredit Corp. v. Greenwood*, --- U.S. ---, 132 S.Ct. 665, 672 (U.S. 2012) (finding that when Congress restricts the use of arbitration, it does so with clarity); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA."). The party opposing arbitration bears the burden to establish that Congress "intended to preclude arbitration of the statutory claims at issue." *Green Tree Fin. Corp.Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

Plaintiff does not provide any argument that Congress intended to preclude arbitration of TCPA claims, and thus has

9

not met her burden. Moreover, the court agrees with other courts that have considered this issue and found no indication that Congress intended TCPA claims to be nonarbitrable. *See, e.g.*, *Moore v. T-Mobile USA Inc.*, 548 F. App'x 686, 687 (2d Cir. 2013) (summary order) (affirming district court's order finding TCPA claims arbitrable); *Valez*, 2016 WL 324963, at *7 (finding no evidence "that Congress meant to override the FAA's mandate and render TCPA claims non-arbitrable"); *Salerno*, 2015 WL 6554977, at *6 (same).

## Conclusion

For the foregoing reasons, defendant's motion to compel arbitration and stay this action is GRANTED. The Clerk of Court is respectfully requested to mark this case as STAYED pending arbitration of plaintiff's claim. The parties are directed to jointly update the court immediately after completing arbitration or otherwise resolving this matter.

**SO ORDERED.**

Dated:   June 28, 2016
         Brooklyn, New York

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York